UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:10cv97

UNITED STATES OF AMERICA,    )
                              )
            Plaintiff,        )
                              )
        v.                    )
                              )
$101,059.10  IN  UNITED  STATES  )
CURRENCY,                     )
                              )
            Defendant.        )

FILED
CHARLOTTE, NC

SEP 1 6 2010

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

CONSENT JUDGMENT

WHEREAS, the United States filed a Verified Complaint on March 4, 2010, for the

forfeiture of the defendant property, and this Court issued a warrant for arrest *in rem*; and,

WHEREAS, on or about a contemporaneous date in March 2010, JP Phone Company, by

its responsible officer, with counsel, executed an Affidavit and Waiver of Claim and Notice and

Consent to Forfeiture of Personal Property, which Affidavit has been filed in this Court as an

Exhibit to the United States Motion for Entry of Default Against All Persons and Entities of

$60,530.00, which Motion JP Phone Company joined in; and,

WHEREAS, in the Motion for Entry of Default Against All Persons and Entities of

$60,530.00, the United States and JP Phone Company asked the Court to enter Default against

$60,530.00, and the United States agreed to return $40,529.10 to JP Phone Company; and,

WHEREAS, on July 27, 2010, the Court entered Default Against All Persons and Entities

of $60,530.00; and,

WHEREAS, On March 24, 2010, and for thirty days thereafter, the United States, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Title 28, U.S.C. Appendix, published notice on an official internet government forfeiture site (www.forfeiture.gov) of its intent to forfeit the defendant property, and no person or entity has filed a claim to the defendant property; and,

WHEREAS, JP Phone Company never filed a claim or answer; and,

WHEREAS, the United States and JP Phone Company stipulate that JP Phone Company is the only entity or person who has an ownership interest in the defendant property; and,

WHEREAS, JP Phone Company, its officers and employees, hereby releases and forever discharges the United States, its agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and their agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimant or her heirs, successors, or assigns ever had, now have, or may have in the future in connection with this investigation, seizure, detention, and forfeiture; and agrees to bear its own costs, including attorney fees;

WHEREAS, the parties consent to the United States Magistrate Judge conducting all proceedings, including entry of this Consent Judgment, pursuant to 28 U.S.C. §636(c);

NOW, THEREFORE, THE COURT FINDS THAT:

1. A Verified Complaint for forfeiture *in rem* of the defendant property was filed on March 4, 2010.

2. Process was fully issued in this action and returned according to law.

3. Pursuant to 18 U.S.C. § 983(c), the amount of $60,530.00 in United States currency is subject to forfeiture and has a substantial connection to the offense alleged in the Verified Complaint.

4. Default Against All Persons and Entities of $60,530.00 in United States currency was entered on July 27, 2010;

5. The United States and JP Phone Company have agreed to the return of $40,529.10 in United States currency to JP Phone Company;

6. The actions taken by the United States were reasonable and proper.

Based on the foregoing findings, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The sum of $60,543.00 is forfeited to the United States, to be disposed of according to law.

2. The United States is ordered to return the sum of $40,529.10 to JP Phone Company, by its responsible officer;

3. Each party is to bear its own costs of this action, including attorneys fees.

Signed this the 16th day of September, 2010.

_____

UNITED STATES District
JUDGE

3

ON MOTION OF AND WITH CONSENT OF:

ANNE M TOMPKINS
UNITED STATES ATTORNEY

Date: _____9/13/10_____

THOMAS R. ASCIK
ASSISTANT UNITED STATES ATTORNEY

Date: _9-9-10_

JULIE PADILLO

for himself and as responsible officer of JP PHONE COMPANY

Date: _9-9-10_

J. NEAL RODGERS
Counsel to JULIO PADILLO
and JP PHONE COMPANY